# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
### HARRISON DIVISION

JEFFREY SMITH                                                    **PLAINTIFF**

**V.**                          **CASE NO. 3:19-CV-03020**

**OZARK MOUNTAIN ALCOHOL
RESIDENTIAL TREATMENT, INC.**                          **DEFENDANT**

## OPINION AND ORDER

Plaintiff Jeffrey Smith filed this action pursuant to the Americans with Disabilities Act ("ADA"), the Rehabilitation Act ("RA"), and 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Plaintiff is incarcerated in the Grimes Unit of the Arkansas Department of Correction ("ADC"). The case was filed in the Eastern District of Arkansas and transferred to this Court by order entered on March 8, 2019. The Plaintiff names as Defendant Ozark Mountain Alcohol Residential Treatment, Inc. ("OMART").

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks to proceed *in forma pauperis*. 28 U.S.C. § 1915A(a). The Court must determine whether the Amended Complaint should be served on Dr. Lee.

### I.    BACKGROUND

According to the allegations of the Complaint (Doc. 2), Plaintiff became eligible for parole on February 21, 2018. Since that time, he has sent three applications to OMART for admission into the residential treatment program. Each application has been denied.

1

Plaintiff maintains he has been discriminated against based on his disability in violation of his rights under the ADA, the RA, and the United States Constitution. Plaintiff states the Social Security Administration has "diagnosed" him as having a homicidal/suicidal personality disorder and post-traumatic stress disorder ("PTSD"). Plaintiff indicates he also has physical disabilities.

Plaintiff acknowledges that the first page of OMART's application for admission states that it does not accept violent offenders. Plaintiff maintains this is a "blatantly obvious violation of [his] psychological diagnosis." He states his being on medication to control, or help him control, his psychological disability causes him to be eligible for admittance. According to the ADC website, Plaintiff was convicted of murder in the first degree and terroristic threatening in the first degree.[1] Plaintiff indicates he is currently in the ADC because he violated the terms of his parole.

As relief, Plaintiff asks for an award of punitive damages in the amount of $150,000 and admission into OMART.

## II. LEGAL STANDARD

Under the PLRA, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

---

[1] https://apps.ark.org/inmate_info/search.php (accessed March 20, 2019). Plaintiff's ADC number is 109695.

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

However, mere conclusory allegations with no supporting factual averments are insufficient to state a claim upon which relief can be based. *Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993); *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).

## III. DISCUSSION

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity." 42 U.S.C. § 12132. The term "public entity" is defined as "any department, agency, special purpose district, or other instrumentality of a State or States or local government."[2] 42 U.S.C. § 12131(1). The

---

[2] While state prisons have been held to be public entities, *Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 2016 (1998), the Court cannot tell from the face of the Complaint whether OMART would be considered a public entity.

3

term "qualified individual with a disability" is defined to mean "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, . . . meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2). To state a claim, Plaintiff must show: "1) he is a person with a disability as defined by the statute; 2) he is otherwise qualified for the benefit in question; and 3) he was excluded from the benefit due to discrimination based upon disability." *Randolph v. Rodgers*, 170 F.3d 850, 857 (8th Cir. 1999) (citations omitted).

Section 504 of the RA mandates that "[n]o otherwise qualified individual with a disability . . . shall . . . be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). The RA defines "program or activity" as including any instrumentality of the State or of a local government and any private organization "if assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole" or the entity "is principally engaged in the business of providing education, health care, [or] social services." 29 U.S.C. §§ 794(b)(1)(A) & 794(b)(3)(A). "The ADA and the RA are similar in substance and, with the exception of RA's federal funding requirement, cases interpreting either are applicable and interchangeable." *Randolph*, 170 F.3d at 858 (internal quotation marks and citations omitted).

Plaintiff fails to state a claim under either the ADA or the RA. The alleged discrimination in this case is OMART's exclusion from its programs of any individual convicted of a violent crime. In other words, one criterion for admission is that the

4

applicant be a non-violent offender. It plainly states on the application form that OMART "do[es] not accept . . . violent Offenders." Plaintiff admits, as he must, that he was convicted of violent crimes. (Doc. 2 at 7-8). He therefore does not meet the admission criteria, and there is no allegation the criterion is not applied to all applicants without regard to whether they have a disability. The denial of Plaintiff's application was not based on his alleged disability.

Disparate treatment based on disability may violate the Equal Protection Clause of the Fourteenth Amendment. *See, e.g., Klinger v. Director, Dep't. of Revenue, State of Mo.,* 455 F.3d 888, 894 (8th Cir. 2006). Similarly, the Fourteenth Amendment prohibits "irrational disability discrimination." *Id.* at 896. However, as discussed above, Plaintiff was treated the same as all other violent offenders. His alleged disabilities were not considered. He simply failed to meet the admission criteria, and there is no allegation that the admission criteria itself discriminated on the basis of disability. Plaintiff has failed to state a Fourteenth Amendment claim.

## IV.    CONCLUSION

No plausible claims are stated. This case is **DISMISSED WITHOUT PREJUDICE** on the grounds that the claims are frivolous and fail to state claims upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i-ii) (*in forma pauperis* action, or any portion of it, may be dismissed at any time due to frivolousness or for failure to state a claim).

The dismissal of this action counts as a strike for purposes of 28 U.S.C. § 1915(g). **The Clerk is directed to place a § 1915(g) strike flag on the case.**

5

**IT IS SO ORDERED** on this ___25th___ day of March, 2019.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE